UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
                                                                                :
MARTIN SOUDANI a/k/a MOUTAZ SOUDANI,                                            :
.-                                                                              :
                Plaintiff                                                       :   Case No. 25-
                                                                                :
            v.                                                                  :   **COMPLAINT**
                                                                                :
MOUT'Z SOUDANI, in his individual capacity and in his                           :
capacity as the Trustee of the MOUT'Z. F. SOUDANI and                           :
ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI                                    :
IRREVOCABLE LIVING TRUST,                                                       :
                                                                                :
                Defendant.                                                      :
                                                                                :
------------------------------------------------------------------------------- X

Martin Soundani a/k/a Moutaz Soudani ("Martin" or "Plaintiff") by his attorneys, Katsky Korins LLP, alleges as follows:

## INTRODUCTION

1. Martin is bringing this lawsuit against Mout'z Soundani ("Moutz" or "Defendant"), in Moutz's individual capacity and in his capacity as the Trustee of the Mout'z F. Soudani and Elizabeth I. Ruttkay a/k/a Elizabeth Soudani Irrevocable Living Trust (the "2002 Trust") seeking to, among other things, to remove Moutz as Trustee of the 2002 Trust for his violations of his fiduciary duties as the Trustee of that trust.

2. Specifically, Moutz has converted over $1,000,000 of trust funds by transferring them to his personal accounts and using them for his own purposes even though the only beneficiary of the 2002 Trust is Martin.

3. Besides the removal of Moutz as Trustee of the 2002 Trust, Martin is requesting the Court to surcharge Moutz for the monies he stole from the 2002 Trust, is seeking damages

1

against Moutz for his breach of fiduciary duties, and is demanding an accounting from Moutz for his actions as Trustee of the 2002 Trust.

## THE PARTIES AND OTHER RELEVANT PERSONS AND ENTITIES

4. Martin is a citizen and resident of Colorado and is the sole beneficiary of the 2002 Trust. A copy of the 2002 Trust, which was executed on February 11, 2002, is attached hereto as Exhibit A and is incorporated herein by reference.

5. Moutz is a citizen and resident of New York, resides in Orange County, New York, and is the sole Trustee of the 2002 trust.

6. The 2002 Trust provides, among other things, that Moutz, as Trustee, has the discretion to distribute the 2002 Trust's principal and/or income to Martin for Martin's health, education, maintenance, and support, and for any other purpose. Exhibit A at 1-2, Articles First and Second.

7. The 2002 Trust is irrevocable and prohibits the beneficiary, i.e., Martin, from assigning any of his rights to principal and/or income under the trust. *Id.* at 3, 10, Articles Fourth and Tenth.

8. The 2002 Trust provides that its validity and construction is governed by New York law. *Id.* at 10, Article Eleventh.

9. Among other things, the 2002 Trust was funded with real property located at 40 Bailey Road, Montgomery, New York 1254 (the "Bailey Property"). *See Id,* Schedule A; Copy of Deed Dated February 11, 2002 attached hereto as Exhibit B and incorporated herein by reference.

## Jurisdiction and Venue

10. This Court has jurisdiction over this case pursuant to 28 U.S.C § 1332(a)(1)

because Martin and Moutz are citizens of different states and the matter in controversy exceeds $75,000.

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because Defendant resides in this district.

### The Purported Assignment by Martin of His Rights in the 2002 Trust

12.     Moutz has claimed before this Court in a separate proceeding, and I would expect him to claim here as well, that, despite the non-assignment clause in the 2002 Trust, Martin allegedly assigned his interest in the 2002 Trust on September 21, 2017 to Mou'tz as Trustee of the Mout'z F. Soudani Grantor Trust (the "2017 Trust"). Attached hereto as Exhibit C, and incorporated herein by reference is a copy of the purported assignment (the "Purported Assignment"). Attached hereto as Exhibit D, and incorporated herein by reference, is a copy of the 2017 Trust.

13.     The Purported Assignment is invalid and failed to assign the assets of the 2002 Trust to the 2017 Trust for three, independently sufficient reasons.

14.     First, the Purported Assignment violates the anti-assignment provision of the 2002 Trust which states, among other things, that "[n]o beneficiary shall have any right, power or authority to assign, transfer, encumber or otherwise dispose of [trust income or principal.]" 2002 Trust at 10, Article Tenth.

15.     Second, Martin never signed the Purported Assignment and his supposed signature on that Purported Assignment is a forgery.

16.     Third, Martin never signed the 2017 Trust as Grantor and my supposed signature on that document also is a forgery.

### Moutz's Illgeal Conversion of Property from the 2002 Trust

17.     Upon information and belief, as is demonstrated below, Moutz has used the 2002 Trust for years as his personal bank account and has improperly transferred assets from the 2002 Trust either to himself or to persons other than Martin in violation of the 2002 Trust's terms.

### Moutz's Misappropriation of Proceeds from the Sale of the Baily Property

18.     On March 10, 2024, Moutz sold the Bailey Property, which was held in the 2002 Trust, and deposited the $597,911.39 proceeds into the 2002 Trust's checking account at Walden Savings Bank.  *See* Copy of Deposit Record with Copies of Checks Reflecting the Sales Proceeds attached hereto as Exhibit E and incorporated herein by reference; Copy of Checking Account Statement of March 30 through April 30, 2024 Reflecting the Deposit of the Sales Proceeds on March 10, 2024 attached hereto as Exhibit F and incorporated herein by reference.

19.     On that same day, Moutz withdrew $600,000 from the 2002 Trust's checking account, which included the $597,911.39 sales proceeds he had just deposited, and purchased a $600,000 certificate of deposit in his own name.  *See* Exhibit F; Copy of Transaction Document attached hereto as Exhibit G and Incorporated herein by reference; Copy of Account Agreement for $600,000 Certificate of Deposit dated April 10, 2024 attached hereto as Exhibit H and incorporated herein by reference.

20.     Moutz's improper use of trust funds to purchase a certificate of deposit in his own name violated the terms of the trust, as well as his fiduciary duties to Martin.

21.     The source of those funds were monies used to make cryptocurrency investments; and the source of the funds to make the cryptocurrency investments were funds from bank accounts held by the 2002 Trust.

**Moutz's Improper Use of 2002 Trust Funds for a Bribery Scheme**

22. Moutz is currently under indictment in the Southern District of New York for among other things, bribing of an assistant district attorney in Orange County, New York, Stewart Rosenwasser ("Rosenwasser"), to improperly prosecute Martin for allegedly stealing funds from the 2002 Trust.  *U.S. v. Mout'z Soudani*, 7:24 cr 00555, S.D.N.Y.

23. Upon information and belief, as part of Moutz's scheme to have Martin improperly prosecuted, Moutz paid approximately $63,000 in bribes to Rosenwasser in the form of six (6) checks from the 2002 Trust's checking account.  *See* Copies of Checks attached hereto as Exhibit I and incorporated herein by reference.

24. Those payments, which were not to Martin and were made to the detriment of Martin, violated the 2002 Trust's terms.

25. As a result of that prosecution, Martin pled guilty to grand larceny on November 28, 2023.

26. Martin's conviction was vacated on October 16, 2024 by the Orange County Supreme Court as a result of the unearthing of Moutz's above scheme.

**Moutz's Misappropriation of Proceeds from the Restitution Check for Monies Allegedly Stolen from the 2002 Trust**

27. As part of Martin's sentence for his grand larceny conviction, Martin was ordered to pay $1.6 million in restitution, approximately $478,000 of which he was able to pay.

28. Martin made that approximately $478,000 payment to the Orange County District Attorney's Office.

29. On January 5, 2024, the Orange County District Attorney's Office presented Moutz with a check, that was made out to him, for $478,286.42 as restitution for funds Martin supposedly stole from the 2002 Trust.  A copy of that restitution check is attached hereto as

Exhibit J and is incorporated herein by reference.

30. Rather than deposit all of those funds into the 2002 Trust's checking account as he was required to do, Moutz only deposited $78,286.42 of those funds into that account and used the remaining $400,000 to buy a certificate of deposit in his own name.  *See* New Account Deposit dated January 5, 2024 attached hereto as Exhibit K and incorporated herein by reference; Trust Checking Account Statement from December 30 2023 through January 31, 2024 attached hereto as Exhibit L and incorporated herein by reference; Copy of January 5, 2024 Signature Card for $400,000 Certificate of Deposit attached hereto as Exhibit M and incorporated herein by reference.

31. Mout'z's purchase of a Certificate of Deposit in his own name with $400,000 that was supposed to be returned to the 2002 Trust violated the terms of that trust.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Defendant, as Trustee of the 2002 Trust, had a fiduciary duty to Plaintiff, as a beneficiary of the 2002 Trust, to maintain trust assets for Plaintiff's benefit and not to transfer those assets to himself or use them for Defendant's benefit.

34. By Defendant's above-described actions, Defendant breached his fiduciary duty to Plaintiff and should be ordered to pay plaintiff over $1,000,000 in damages and/or required to reimburse the 2002 Trust in an amount greater than $1,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats and repeats and realleges all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant has never submitted an accounting for his actions as Trustee of the 2002 Trust.

37. Accordingly, pursuant N.Y. SCPA §§ 2205(2)(b), 2206, Plaintiff requests this Court order Defendant to file an accounting of the 2002 Trust from February 11, 2002 through the present.

38. Plaintiff also requests that this Court order Defendant to pay a surcharge of over $1,000,000 for his malfeasance as Trustee of the 2002 Trust.

### AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats and repeats and realleges all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. By Defendant's conduct described above, Defendant has violated the terms of the 2002 Trust and has improperly taken trust assets and given them to himself.

41. Accordingly, pursuant to New York EPTL § 7-2.6(a)(2) and SCPA §§ 711(11), 719(7), this Court should remove Defendant as the Trustee of the 2002 Trust.

WHEREFORE Plaintiff prays that this Court issue a judgment against Defendant as follows:

A. On the first cause of action, ordering Defendant to pay greater than $1,000,000 in damages to Plaintiff and/or to reimburse the 2002 Trust in an amount greater than $1,000,000;

B. On the second cause of action, ordering Defendant file an accounting for the 2002 Trust from February 11, 2002 through the present and surcharging Defendant over $1,000,000 for his improper behavior as Trustee;

C. On the third cause of action, removing Plaintiff as Trustee of the 2002 Trust; and

D. Ordering such further and other relief s this Court shall deem just and proper.

Dated: New York, New York
January 8, 2025

        KATSKY KORINS LLP


        /s/ Aytan Y. Bellin
        By: Aytan Y. Bellin
        605 Third Avenue, 17th Floor
        New York, New York 10158
        Tel: (212) 716-3229
        E-Mail: abellin@katskykorins.com

*Attorneys for Plaintiff*