# EXHIBIT A

==================================================

DECLARATION OF TRUST

made as of February 11, 2002

by

MOUT'Z F. SOUDANI

and

ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI

Grantors

and

MOUT'Z F. SOUDANI

Trustee

Name Of Trust:  MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust

==================================================

# TABLE OF CONTENTS

ARTICLE FIRST - Beneficiary of Trust
ARTICLE SECOND - Use of Principal
ARTICLE THIRD - Minors or Incompetents
ARTICLE FOURTH - Irrevocability
ARTICLE FIFTH - Powers of Trustee
ARTICLE SIXTH - Appointment of Trustee
ARTICLE SEVENTH - Accounts of Trustee
ARTICLE EIGHTH - Trustee Decisions Conclusive
ARTICLE NINTH - Simultaneous Death
ARTICLE TENTH - Rights Not Assignable
ARTICLE ELEVENTH - Construction
ARTICLE TWELFTH - Binding Effect
ARTICLE THIRTEENTH - Short Name

## DECLARATION OF TRUST

**DECLARATION OF TRUST**, made as of this _11_ day of February, 2002, among MOUT'Z F. SOUDANI, and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI, husband and wife, having an address at 40 BAILEY ROAD, MONTGOMERY, NY 12549, as grantors (collectively hereinafter referred to as the "Grantors"), and MOUT'Z F. SOUDANI, having an address at 40 BAILEY ROAD, MONTGOMERY, NY 12549, as trustee (hereinafter referred to as the "Trustee").

### W I T N E S S E T H:

**WHEREAS**, the Grantors are the owners of the property more particularly described in Schedule A attached hereto and made a part hereof; and

**WHEREAS**, the Grantors desire to create an irrevocable trust of the property described in Schedule A hereto, together with such monies, securities and other assets as the Trustee hereafter may hold or acquire hereunder (said property, monies, securities and other assets, together with any additions thereto received pursuant to the Grantors' last will and testaments or otherwise, being hereinafter referred to as the "trust estate"), for the purposes and upon the terms and conditions hereinafter set forth.

**NOW, THEREFORE**, in consideration of the covenants herein contained and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Grantors hereby irrevocably transfer, convey, assign and deliver to the Trustee as and for the trust estate the property more particularly described in Schedule A hereto, to hold the same, and any other property which the Trustee hereafter may acquire, **IN TRUST**, for the purposes and upon the terms and conditions hereinafter set forth:

### ARTICLE FIRST

#### Beneficiary of Trust

The Trustee shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom, and may pay all

or any part of the net income and principal of the trust estate to MOUTAZ M. SOUDANI (hereinafter referred to as the "beneficiary"), for his health, education, maintenance and support, or may apply the same for any such purpose, in such amounts and proportion as the Trustee in the absolute discretion of the Trustee may deem advisable.

Upon the death of the beneficiary, the balance of this trust at that time remaining, together with any accrued and unpaid income thereon, shall be paid and distributed to the issue of the beneficiary, in equal shares, per stirpes, if any, but if there be no issue, to Eman F. Soudani, to be hers absolutely.

## ARTICLE SECOND

### Use of Principal

The Trustee are authorized, at any time and from time to time, to pay to, or apply to the use of, the beneficiary of any trust held hereunder, for such beneficiary's health, education, maintenance or support, any part or all of principal of such trust as the Trustee may determine in his absolute discretion, without necessarily taking into account other resources available to such beneficiary. No such payment shall be charged upon a subsequent division of the trust estate against the principal of any share which may be set apart for a beneficiary.

## ARTICLE THIRD

### Distributions To Minors Or Incompetents

In any case in which the Trustee is authorized or directed by any provision of this Agreement to pay or distribute income or principal to any person who shall be a minor or incompetent, the Trustee, in his absolute discretion and without authorization of any court, may pay or distribute the whole or any part of such income or principal to such minor or incompetent personally, or may apply the whole or any part thereof directly to the health, education, maintenance or support of such minor or incompetent, or may pay or distribute the whole or any part thereof to the guardian, committee, conservator or other legal representative, wherever appointed, of such minor or incompetent or to the person with whom such minor or incompetent may from time to time reside, or in the case of a minor, may pay or distribute the whole or any part thereof to a custodian for such minor under any gifts to minors or transfers to minors act. Evidence of such payment or

distribution or the receipt therefor by the person to whom any such payment or distribution is made shall be a full discharge of the Trustee from all liability with respect thereto, even though the Trustee may be such person.

The Trustee, in his absolute discretion, may defer payment or distribution of any or all income or principal to which a minor may be entitled until such minor shall attain the age of twenty-one (21) years, or to make such payment or distribution at any time and from time to time, during the minority of such minor, holding the whole or the undistributed portion thereof as a separate fund vested in such minor but subject to the power in trust hereby given to the Trustee to administer and invest such fund and to use the income or principal thereof for the benefit of such minor as if such fund were held in trust hereunder. The Trustee shall pay and distribute any balance of such fund to such minor when such minor shall attain the age of twenty-one (21) years. Except as is herein above provided, if such minor shall die before attaining the age of twenty-one (21) years, the Trustee shall pay and distribute such balance to the executors, administrators or legal representatives of the estate of such minor.

The word "minor", wherever used in this Article THIRD, shall mean any person who has not attained the age of twenty-one (21) years.

## ARTICLE FOURTH

### Irrevocability

This Agreement and the trusts created hereunder are irrevocable. The Grantors shall execute such further instruments as shall be necessary to vest the Trustee with full title to the property which is the subject of this Agreement.

## ARTICLE FIFTH

### Powers of Trustee

In the administration of any property, real or personal, at any time forming a part of the trust estate, including accumulated income, and in the administration of any trust created hereunder, the Trustee, in addition to and without limitation of the powers conferred on Trustee under the New York Estates, Powers and Trusts Law, as amended or any successor thereto, or otherwise pro-

vided by law, shall have the following powers to be exercised in the absolute discretion of the Trustee, except as otherwise expressly provided in this Agreement:

    (a)  To retain such property for any period, whether or not the same is of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such retention may have upon the diversity of investments;

    (b)  To sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to, such property, at public or private sale, with or without security, in such manner, at such times, for such prices, and upon such terms and conditions as the Trustee may deem advisable;

    (c)  To invest and reinvest in common or preferred stocks, securities, limited liability companies, investment trusts, mutual funds, regulated investment companies, bonds and other property, real or personal, foreign or domestic, including any undivided interest in any one or more common trust funds, whether or not such investments be of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such investment may have upon the diversity of investments;

    (d)  To render liquid the trust estate or any trust created hereunder in whole or in part, at any time and from time to time, and to hold unproductive property, cash or readily marketable securities of little or no yield for such period as the Trustee may deem advisable;

    (e)  To lease any such property beyond the period fixed by statute for leases made by fiduciaries and beyond the duration of any trust created hereunder;

    (f)  To join or become a party to, or to oppose, any reorganization, readjustment, recapitalization, foreclosure, merger, voting trust, dissolution, consolidation or exchange, and to deposit any securities with any committee, depository or trustee, and to pay any fees, expenses and assessments incurred in connection therewith, and to charge the same to principal, and to exercise conversion, subscription or other rights, and to make any necessary payments in connection therewith, or to sell any such privileges;

4

(g) To form one or more corporations or limited liability companies, alone or with any person, in any jurisdiction, and to transfer assets to any new or existing corporation or limited liability company in exchange for stock or membership interests; to form one or more partnerships with any person in any jurisdiction, to have any trust or a nominee be a general or limited partner, and to transfer assets to any new or existing partnership as a capital contribution; to enter into one or more joint ventures or associations with any person in any jurisdiction, and to commit assets to the purposes of those ventures or associations; and to retain as an investment for any period any securities, partnership interests or other assets resulting from any such actions;

(h) To vote in person at meetings of stock or security holders and adjournments thereof, and to vote by general or limited proxy with respect to any stock or securities;

(i) To hold stock and securities in the name of a nominee without indicating the trust character of such holding, or unregistered or in such form as will pass by delivery, or to use a central depository and to permit registration in the name of a nominee;

(j) To initiate or defend, at the expense of the trust estate, any litigation relating to this Agreement or any property of the trust estate which the Trustee consider advisable, and to pay, compromise, compound, adjust, submit to arbitration, sell or release any claims or demands of the trust estate or any trust created hereunder against others or of others against the same as the Trustee may deem advisable, including the acceptance of deeds of real property in satisfaction of notes, bonds and mortgages, and to make any payments in connection therewith which the Trustee may deem advisable;

(k) To borrow money for any purpose from any source, including any trustee at any time acting hereunder, and to secure the repayment of any and all amounts so borrowed by mortgage or pledge of any property;

(l) To possess, manage, develop, subdivide, control, partition, mortgage, lease or otherwise deal with any and all real property; to satisfy and discharge or extend the term of any mortgage thereof; to execute the necessary instruments and covenants to effectuate the foregoing powers, including the giving or granting of options in

5

connection therewith; to make repairs, replacements and improvements, structural or otherwise, or abandon the same if deemed to be worthless or not of sufficient value to warrant keeping or protecting; to abstain from the payment of real estate taxes, assessments, water charges and sewer rents, repairs, maintenance and upkeep of the same; to permit to be lost by tax sale or other proceeding or to convey the same for a nominal consideration or without consideration; to set up appropriate reserves out of income for repairs, modernization and upkeep of buildings, including reserves for depreciation and obsolescence, and to add such reserves to principal and, if the income from the property itself should not suffice for such purposes, to advance out of other income any sums needed therefor, and advance any income of the trust for the amortization of any mortgage on property held in the trust;

(m)  To purchase from the legal representatives of the estate of either of the Grantors or from the Trustee of any trust established by either of the Grantors any property constituting a part of such estate or trust at its fair market value and to make loans for adequate consideration to such legal representatives or Trustee, upon such terms and conditions as the Trustee may determine in their absolute discretion;

(n)  To carry insurance of the kinds and in the amounts which the Trustee consider advisable, at the expense of the trust estate, to protect the trust estate and the Trustee personally against any hazard;

(o)  To make distribution of the trust estate or of the principal of any trust created hereunder in cash or in kind, or partly in kind, and to cause any distribution to be composed of cash, property or undivided fractional shares in property different in kind from any other distribution, and to determine the fair valuation of the property so allocated, with or without regard to the tax basis; to hold the principal of separate trusts in a consolidated fund and to invest the same as a single fund; to split trusts for purposes of allocating GST exemptions (within the meaning of Section 2642(a) of the Internal Revenue Code); and to merge any trusts which have substantially identical terms and beneficiaries, and to hold them as a single trust;

(p)  To employ and pay the compensation of accountants, attorneys, experts, investment counselors, custodians, agents and other persons or firms providing services or advice, irrespective of whether the Trustee may be associated therewith; to delegate discretionary powers to such persons or firms; and to rely upon information or advice furnished thereby or to ignore the same, as the Trustee in their discretion may determine;

(q)  To change the situs and/or governing law of any trust hereunder to any State the Trustee from time to time may deem desirable, and to take such further actions, including without limitation the amendment to the terms of the trust, as may be necessary or advisable to effectuate such change;

(r)  To execute and deliver any and all instruments or writings which it may deem advisable to carry out any of the foregoing powers; and

(s)  To exercise all such rights and powers and to do all such acts and enter into all such agreements as persons owning similar property in their own right might lawfully exercise, do or enter into.

The Trustee may determine, when there is reasonable doubt or uncertainty as to the applicable law or the relevant facts, which receipts of money or other assets should be credited to income or principal, and which disbursements, commissions, assessments, fees and other expenses should be charged to income or principal. Any distributions or dividends payable in the stock of a corporation, and rights to subscribe to securities or rights other than cash declared or issued by a corporation, shall be dealt with as principal. The proceeds from the sale, redemption or other disposition, whether at a profit or loss, and regardless of the tax treatment thereof, of any property constituting principal, including mortgages and real estate acquired through foreclosure or otherwise, shall normally be dealt with as principal, but the Trustee may allocate a portion of any such proceeds to income if the property disposed of produced no income or substantially less than the current rate of return on trust investments, or if the Trustee shall deem such action advisable for any other reason. The Trustee may (but are not directed to) allocate receipts and disbursements between income and principal in accordance with the New York Estates, Powers and Trusts Law, as amended and in effect from time to time. The preceding provisions of this paragraph shall not be deemed to authorize any act by the Trustee which may be a violation of any law prohibiting the accumulation of income.

No person who deals with any Trustee hereunder shall be bound to see to the application of any asset delivered to such Trustee or to inquire into the authority for, or propriety of, any action taken or not taken by such Trustee. This Agreement, however, shall not be construed to permit any person to deal with the trust estate for less than adequate consideration, to borrow without adequate interest or adequate security, to exercise any power of administration in a nonfiduciary capacity, or otherwise to act in such manner as to cause either of the Grantors to be treated as the owner of the trust estate or any part thereof.

### ARTICLE SIXTH

### Appointment of Trustee

The Grantors hereby appoint MOUT'Z F. SOUDANI as Trustee. The Grantors hereby appoint ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI as Substitute or Successor Trustee hereunder in the event of the death of the Trustee, or his physical or mental incapacity, or in the event that the said MOUT'Z F. SOUDANI is unable or unwilling to perform the duties of Trustee hereunder. The Grantors further appoint EMAN F. SOUDANI, as Second Substitute or Successor Trustee hereunder in the event of the death of the Substitute or Successor Trustee, or her physical or mental incapacity, or in the event that the said ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI is unable or unwilling to perform the duties of Trustee hereunder.

The term "Trustee" wherever used herein shall mean the trustee or Trustee in office from time to time. Any such trustee shall have the same rights, powers, duties, authority and privileges, whether or not discretionary, as if originally appointed hereunder.

No bond, surety or other security shall be required of any Trustee acting hereunder for the faithful performance of the duties of Trustee, notwithstanding any law of any State or other jurisdiction to the contrary.

### ARTICLE SEVENTH

### Accounts of Trustee

The Trustee, at any time and from time to time, may render an account to the living person or persons who are entitled, at the time of such account, to receive all or a portion of the income of the trusts herein created. The approval of any person of

full age, or a guardian or parent of a minor or incompetent person, to whom an account is rendered shall, as to all matters stated therein, be final and binding upon him or such minor or incompetent person, or any persons claiming through him or such minor or incompetent person, as the case may be. A person of full age, or a guardian or parent of a minor or incompetent person, to whom an account is rendered shall be deemed to have approved the account if he assents to the account in writing or if he does not communicate to the Trustee his written objections to the account within sixty days after the receipt of the account (provided the account was accompanied by a notice of said sixty day period within which to raise objections).

The Trustee shall not be required at any time to file any account in any court, nor shall the Trustee be required to have any account judicially settled. Nothing herein, however, shall be construed as limiting the right of the Trustee to seek a judicial settlement of any account.

## ARTICLE EIGHTH

### Decisions of Trustee Are Conclusive

The determination of the Trustee in respect of the amount of any discretionary payment of income or principal from any trust established hereunder, and of the advisability thereof, shall be final and conclusive on all persons, whether or not then in being, having or claiming any interest in such trust, and upon making any such payment, the Trustee shall be released fully from all further liability or accountability therefor.

The right of any beneficiary to any payment of income or principal shall in every case be subject to any charge or deduction which the Trustee may make against the same under the authority granted to the Trustee by any law or by this Agreement.

## ARTICLE NINTH

### Simultaneous Death

If any beneficiary under this Agreement shall die simultaneously with any other person upon whose death such beneficiary shall become entitled to receive either income or principal under this Agreement, or in such circumstances as to render it difficult or impracticable to determine who predeceased the other, then for purposes of this Agreement such beneficiary shall be deemed to have

predeceased such other person. The provisions of this Agreement shall be construed as aforesaid, notwithstanding the provisions of any applicable law establishing a different presumption of order of death or providing for survivorship for a fixed period as a condition of inheritance of property.

## ARTICLE TENTH

### Rights of Beneficiaries Are Not Assignable

No disposition, charge or encumbrance on the income or principal of any trust established hereunder shall be valid or binding upon the Trustee. No beneficiary shall have any right, power or authority to assign, transfer, encumber or otherwise dispose of such income or principal or any part thereof until the same shall be paid to such beneficiary by the Trustee. No income or principal shall be subject in any manner to any claim of any creditor of any beneficiary or liable to attachment, execution or other process of law prior to its actual receipt by the beneficiary.

## ARTICLE ELEVENTH

### Construction

The validity and construction of this Agreement and the trusts created hereunder shall be governed by the laws of the State of New York.

Any provision herein which refers to a statute, rule, regulation or other specific legal reference which is no longer in effect at the time said provision is to be applied shall be deemed to refer to the successor, replacement or amendment to such statute, rule, regulation or other reference, if any, and shall be interpreted in such a manner so as to carry out the original intent of said provision.

Wherever used in this Agreement and the context so requires, the masculine shall include the feminine and the singular shall include the plural, and vice versa.

The captions in this Agreement are for convenience of reference, and they shall not be considered when construing this Agreement.

If under any of the provisions of this Agreement any portion of the trust estate would be held in trust beyond a date twenty-one years after the death of the last survivor of the Grantors and the beneficiaries hereunder now in being, or such later date permitted by the rule against perpetuities applicable in the State of New York; then, upon such date, the trust of such portion shall terminate and the principal, and any unpaid income thereof, shall be paid and distributed to the person or persons then living who would have been entitled to receive the income therefrom had the trust continued, in the proportions to which they would have been so entitled.

## ARTICLE TWELFTH

### Binding Effect

This Agreement shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the undersigned Grantors and upon the Trustee acting hereunder.

## ARTICLE THIRTEENTH

### Short Name

This Agreement and the trusts created hereunder may be referred to, in any other instrument, by the name: "MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust". Any transfers to this Agreement or any trust hereunder may refer to the aforesaid name or to "MOUT'Z F. SOUDANI and as Trustee under MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust", with or without

specifying any change in Trustee.

    **IN WITNESS WHEREOF,** this Agreement has been duly executed as of the date first above written.

_____
MOUT'Z F. SOUDANI
Grantor

_____
ELIZABETH I. RUTTKAY A/K/A
ELIZABETH SOUDANI
Grantor

_____
MOUT'Z F. SOUDANI
Trustee

STATE OF NEW YORK, COUNTY OF ORANGE, ss.

On the 11 day of February, 2002, before me, the undersigned notary public, personally appeared MOUT'Z F. SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

```
                                    _____
                                         Notary Public
                                    My commission expires on
                                       BRANDON C. OZMAN
                                    Notary Public, State of New York
                                              767787
                                                            County  03
```

STATE OF NEW YORK, COUNTY OF ORANGE, ss.

On the 11 day of February, 2002, before me, the undersigned notary public, personally appeared ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

```
                                    _____
                                         Notary Public
                                    My commission expires on
                                       BRANDON C. OZMAN
                                    Notary Public, State of New York
                                              767787
                                                                   03
```

13

STATE OF NEW YORK, COUNTY OF ORANGE, ss.

On the 11 day of February, 2002, before me, the undersigned notary public, personally appeared MOUT'Z F. SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires on

BRANDON C. OZMAN
Notary Public State of New York
No. 4757787
Qualified in Orange County
Commission Expires March 30, -03

14

## SCHEDULE A

### TRUST ESTATE PROPERTY

1. Mortgage dated October 26, 1994 made by Philip G. Greiner and Laurie Miller to Eman F. Soudani in the principal sum of $85,000.00 which was recorded in the Orange County Clerk's Office in Liber 5271 of Mortgages at page 259 and thereafter assigned to Mout'z F. Soudani dated June 18, 1998 and recorded in the Orange County Clerk's Office on August 10, 1998 in Liber 6747 of Assignments at page 40.

2. Mortgage dated June 14, 1996 made by Bruce J. Richards and Paula R. Richards to Mout'z F. Soudani in the principal amount of $140,000.00 and recorded in the Broward County Clerk's Office in Book 25020 of Mortgages at page 926.

3. Real property located at Bailey Road, Town of Montgomery, Orange County, New York and more fully described in a deed from Eman F. Soudani to Mout'z F. Soudani dated June 18, 1998 and recorded in the Orange County Clerk's Office on August 10, 1998 in Liber 4845 of Deeds at page 12.

## MEMORANDUM OF TRUST

**KNOW THAT**, MOUT'Z F. SOUDANI, and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI, husband and wife, having an address at 40 BAILEY ROAD, MONTGOMERY, NY 12549, as Grantors, created an irrevocable trust, known as the MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust, by executing a Declaration of Trust, dated February  , 2002, naming MOUT'Z F. SOUDANI, having an address at 40 BAILEY ROAD, MONTGOMERY, NY 12549, as Trustee (collectively referred to as the "Trustee").

This Memorandum of Trust is executed as evidence of the existence of the foregoing Declaration of Trust. Any person may rely upon this Memorandum of Trust as evidence of the existence of said Declaration of Trust, and is relieved of any obligation to verify that any transaction entered into by a Trustee thereunder is consistent with the terms and conditions of said Declaration of Trust.

The Declaration of Trust and the trusts created thereunder may be referred to by the name: "MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust". Any transfers to the Declaration of Trust or any trust thereunder may refer to the aforesaid name or to "MOUT'Z F. SOUDANI as Trustee under MOUT'Z F. SOUDANI and ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI Irrevocable Living Trust", with or without specifying any change in Trustee.

**IN WITNESS WHEREOF**, the Grantors have executed this Memorandum of Trust as of this    day of February, 2002.

_____
MOUT'Z F. SOUDANI
Grantor

_____
ELIZABETH I. RUTTKAY A/K/A
ELIZABETH SOUDANI
Grantor

STATE OF NEW YORK, COUNTY OF ORANGE, ss.

        On the 11 day of February, 2002, before me, the undersigned notary public, personally appeared MOUT'Z F. SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                      _____
                                                          Notary Public
                                         My commission expires on

                                         BRANDON C. OZMAN
                             Notary Public, State of New York
                                      No. 4757767
                             Qualified in Orange County
                         Commission Expires March 30, '03

STATE OF NEW YORK, COUNTY OF ORANGE, ss.

        On the 11 day of February, 2002, before me, the undersigned notary public, personally appeared ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                      _____
                                                        Notary Public
                                         My commission expires on

                                         BRANDON C. OZMAN
                             Notary Public, State of New York
                                      No. 4757767
                             Qualified in Orange County
                         Commission Expires March 30, '03

X:\RJCDATA\WPDOCS\WILLS\SOUDANI\TRUST AGREEMENT.wpd