# EXHIBIT D

============================================================

EIN: 82-6584855

## DECLARATION OF TRUST

Dated September 2₁ 2017

by

## MOUTAZ M. SOUDANI,

As Grantor

and

## MOUT'Z F. SOUDANI,

As Trustees

Name of Trust:
MOUT'Z F. SOUDANI GRANTOR TRUST

============================================================

1

## MOUT'Z F. SOUDANI GRANTOR TRUST
### EIN: 82-6584855

## TABLE OF CONTENTS

ARTICLE FIRST - Beneficiary of Trust
ARTICLE SECOND – Use of Principal
ARTICLE THIRD -  Minors or Incompetents
ARTICLE FOURTH – Grantor Trust
ARTICLE FIFTH -Powers of Trustees
ARTICLE SIXTH - Appointment of Trustees
ARTICLE SEVENTH- Trustees Decisions Conclusive
ARTICLE EIGHTH - Simultaneous Death
ARTICLE NINTH- Rights Not Assignable
ARTICLE TENTH - Construction
ARTICLE ELEVENTH - Binding Effect
ARTICLE TWELFTH - Short Name

## MOUT'Z F. SOUDANI GRANTOR TRUST
### EIN: 82-6584855

**DECLARATION OF TRUST,** made as of this ___ day of September, 2017, among **MOUTAZ M. SOUDANI**, having an address of 40 Bailey Road Montgomery, New York 12549, as grantor (hereinafter referred to as the "Grantor"), and **MOUT'Z F. SOUDANI**, having an address of 40 Bailey Road Montgomery, New York 12549, as the Trustee (hereinafter referred to as the "Trustee").

### WITNESSETH:

**WHEREAS,** the Grantor is the owner of the property more particularly described on Schedule A, attached hereto and made a part hereof; and

**WHEREAS,** the Grantor desires to create a Grantor trust of the property described in Schedule A hereto, together with such monies, securities and other assets as the Trustee hereafter may hold or acquire hereunder (said property, monies, securities and other assets, together with any additions thereto, being hereinafter referred to as the "trust estate"), for the purposes and upon the terms and conditions hereinafter set forth.

**NOW, THEREFORE,** in consideration of the covenants herein contained and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Grantor hereby transfers, assigns and delivers to the Trustee as and for the trust estate the property more particularly described in Schedule A hereto, to hold the same, and any other property which the Trustee hereafter may acquire, IN TRUST, for the purposes and upon the terms and conditions hereinafter set forth:

### ARTICLE FIRST

### Beneficiary of Trust

Grantor herby provides as follows:

During the lifetime of Mout'z F. Soudani, Mout'z F. Soudani retains the right to all income of the Trust and principal based upon the lifestyle that Mout'z F. Soudani has grown accustomed.

Upon the death of Mout'z F. Soudani the Trustee shall hold, manage, invest and reinvest the trust estate, shall collect the income and principal therefrom, and shall pay any part or all of the income and principal to Eman F. Soudani for her lifetime.

Upon the death of Mout'z F. Soudani and Eman F. Soudani this Trust shall

3

terminate and the assets will revert back to the provisions of THE MOUT'Z F. SOUDANI AND ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI IRREVOCABLE LIVING TRUST DATED FEBRUARY 11, 2002.

## ARTICLE SECOND

### Use of Principal

The Trustee is authorized, at any time and from time to time, to pay to, or apply to the use of, the beneficiary of any trust held hereunder, for such beneficiary's health, education, maintenance or support, any part or all of principal of such trust as the Trustee may determine in the absolute discretion of the Trustee, without necessarily taking into account other resources available to such beneficiary. No such payment shall be charged upon a subsequent division of the trust estate against the principal of any share which may be set apart for a beneficiary.

## ARTICLE THIRD

### Distributions To Minors Or Incompetents

In any case in which the Trustees are authorized or directed by any provision of this Agreement to pay or distribute income or principal to any person who shall be a minor or incompetent, the Trustees, in their absolute discretion and without authorization of any court, may pay or distribute the whole or any part of such income or principal to such minor or incompetent personally, or may apply the whole or any part thereof directly to the health, education, maintenance or support of such minor or incompetent, or may pay or distribute the whole or any part thereof to the guardian, committee, conservator or other legal representative, wherever appointed, of such minor or incompetent or to the person with whom such minor or incompetent may from time to time reside, or in the case of a minor, may pay or distribute the whole or any part thereof to a custodian for such minor under any gifts to minors or transfers to minors act. Evidence of such payment or distribution or the receipt therefor by the person to whom any such payment or distribution is made shall be a full discharge of the Trustees from all liability with respect thereto, even though the Trustees may be such person.

The Trustees, in their absolute discretion, may defer payment or distribution of any or all income or principal to which a minor may be entitled until such minor shall attain the age of twenty-one (21) years, or to make such payment or distribution at any time and from time to time, during the minority of such minor, holding the whole or the undistributed portion thereof as a separate fund vested in such minor but subject to the power in trust hereby given to the Trustees to administer and invest such fund and to use the income or principal thereof for the benefit of such minor as if such fund were held in trust hereunder. No bond or other security and no periodic accounts shall be required with respect to such fund, and the same shall be subject to commission as if it were a separate trust fund. The Trustees shall pay and distribute any balance of such fund to such minor

4

when such minor shall attain the age of twenty-one (21) years. Except as is herein above provided, if such minor shall die before attaining the age of twenty-one (21) years, the Trustees shall pay and distribute such balance to the executors, administrators or legal representatives of the estate of such minor.

The word "minor" wherever used in this Article THIRD shall mean any person who has not attained the age of twenty-one (21) years.

## ARTICLE FOURTH

### Grantor Trust

This Agreement and the trusts created hereunder shall be treated as a Grantor Trust as defined in Internal Revenue Code Sections 671 through 678.

## ARTICLE FIFTH

### Powers of Trustees

In the administration of any property at any time forming a part of the trust estate, including accumulated income, and in the administration of any trust created hereunder, the Trustees, in addition to and without limitation of the powers conferred on trustees under the New York Estates, Powers and Trusts Law, as amended or any successor thereto, or otherwise provided by law, shall have the following powers to be exercised in the absolute discretion of the Trustees, except as otherwise expressly provided in this Agreement:

(a)  To retain such property for any period, whether or not the same is of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such retention may have upon the diversity of investments;

(b)  To sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to, such property, at public or private sale, with or without security, in such manner, at such times, for such prices, and upon such terms and conditions as the Trustees may deem advisable;

(c)  To invest and reinvest in common or preferred stocks, securities, limited liability companies, investment trusts, mutual funds, regulated investment companies, bonds and other property, real or personal, foreign or domestic, including any undivided interest in any one or more common trust funds, whether or not such investments be of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such investment may have upon the diversity of investments;

(d)  To render liquid the trust estate or any trust created hereunder in whole or

5

in part, at any time and from time to time, and to hold unproductive property, cash or readily marketable securities of little or no yield for such period as the Trustees may deem advisable;

(e)  To lease any such property beyond the period fixed by statute for leases made by fiduciaries and beyond the duration of any trust created hereunder;

(f)  To join or become a party to, or to oppose, any reorganization, readjustment, recapitalization, foreclosure, merger, voting trust, dissolution, consolidation or exchange, and to deposit any securities with any committee, depository or trustee, and to pay any fees, expenses and assessments incurred in connection therewith, and to charge the same to principal, and to exercise conversion, subscription or other rights, and to make any necessary payments in connection therewith, or to sell any such privileges;

(g)  To form one or more corporations or limited liability companies, alone or with any person, in any jurisdiction, and to transfer assets to any new or existing corporation or limited liability company in exchange for stock or membership interests; to form one or more partnerships with any person in any jurisdiction, to have any trust or a nominee be a general or limited partner, and to transfer assets to any new or existing partnership as a capital contribution; to enter into one or more joint ventures or associations with any person in any jurisdiction, and to commit assets to the purposes of those ventures or associations; and to retain as an investment for any period any securities, partnership interests or other assets resulting from any such actions;

(h)  To vote in person at meetings of stock or security holders and adjournments thereof, and to vote by general or limited proxy with respect to any stock or securities;

(i)  To hold stock and securities in the name of a nominee without indicating the trust character of such holding, or unregistered or in such form as will pass by delivery, or to use a central depository and to permit registration in the name of a nominee;

(j)  To initiate or defend, at the expense of the trust estate, any litigation relating to this Agreement or any property of the trust estate which the Trustees consider advisable, and to pay, compromise, compound, adjust, submit to arbitration, sell or release any claims or demands of the trust estate or any trust created hereunder against others or of others against the same as the Trustees may deem advisable, and to make any payments in connection therewith which the Trustees may deem advisable;

(k)  To borrow money for any purpose from any source, including any trustee at any time acting hereunder, and to secure the repayment of any and all amounts so borrowed by mortgage or pledge of any property;

6

(l) To purchase from the legal representatives of the estate of the Grantor (or the estate of the Grantor's wife) or from the trustees of any trust established by the Grantor (or by the Grantor's wife) any property constituting a part of such estate or trust at its fair market value and to make loans for adequate consideration to such legal representatives or trustees, upon such terms and conditions as the Trustees may determine in their absolute discretion;

(m) To carry insurance of the kinds and in the amounts which the Trustees consider advisable, at the expense of the trust estate, to protect the trust estate and the Trustees personally against any hazard;

(n) To make distribution of the trust estate or of the principal of any trust created hereunder in cash or in kind, or partly in kind, and to cause any distribution to be composed of cash, property or undivided fractional shares in property different in kind from any other distribution, and to determine the fair valuation of the property so allocated, with or without regard to the tax basis; to hold the principal of separate trusts in a consolidated fund and to invest the same as a single fund; to split trusts for purposes of allocating GST tax exemptions (within the meaning of Section 2642(a) of the Internal Revenue Code); and to merge any trusts which have substantially identical terms and beneficiaries, and to hold them as a single trust;

(o) To employ and pay the compensation of accountants, attorneys, experts, investment counselors, custodians, agents and other persons or firms providing services or advice, irrespective of whether the Trustees may be associated therewith; to delegate discretionary powers to such persons or firms; and to rely upon information or advice furnished thereby or to ignore the same, as the Trustees in their discretion may determine;

(p) To change the situs and/or governing law of any trust hereunder to any state the Trustees from time to time may deem desirable, and to take such further actions, including without limitation the amendment to the terms of the trust, as may be necessary or advisable to effectuate such change;

(q) To execute and deliver any and all instruments or writings which it may deem advisable to carry out any of the foregoing powers;

(r) To exercise all such rights and powers and to do all such acts and enter into all such agreements as persons owning similar property in their own right might lawfully exercise, do or enter into; and

(s) To pay, apply, or distribute any or all such sums of the Trust income and/or principal, as the Trustees may determine in their sole discretion, to one or more charitable organizations that are exempt from federal income tax, in accordance with Title 26 U.S.C. 642.

The Trustees may determine, when there is reasonable doubt or uncertainty as to the applicable law or the relevant facts, which receipts of money or other assets should be credited to income or principal, and which disbursements, commissions, assessments, fees and other expenses should be charged to income or principal. Any distributions or dividends payable in the stock of a corporation, and rights to subscribe to securities or rights other than cash declared or issued by a corporation, shall be dealt with as principal. The proceeds from the sale, redemption or other disposition, whether at a profit or loss, and regardless of the tax treatment thereof, of any property constituting principal, shall normally be dealt with as principal, but the Trustees may allocate a portion of any such proceeds to income if the property disposed of produced no income or substantially less than the current rate of return on trust investments, or if the Trustees shall deem such action advisable for any other reason. The Trustees may (but are not directed to) allocate receipts and disbursements between income and principal in accordance with the New York Estates, Powers and Trusts Law, as amended and in effect from time to time. The preceding provisions of this paragraph shall not be deemed to authorize any act by the Trustees which may be a violation of any law prohibiting the accumulation of income.

No person who deals with any Trustee hereunder shall be bound to see to the application of any asset delivered to such Trustee or to inquire into the authority for, or propriety of, any action taken or not taken by such Trustee. This Agreement, however, shall not be construed to permit any person to deal with the trust estate for less than adequate consideration, to borrow without adequate interest or adequate security, to exercise any power of administration in a nonfiduciary capacity, or otherwise to act in such manner as to cause the Grantor to be treated as the owner of the trust estate or any part thereof.

Except as may be expressly provided in this Trust Declaration, actions of the Trustees under this Trust Declaration shall be taken by the Trustees acting jointly. However, a Trustee may delegate, by an instrument in recordable form filed with the trust records, any rights or powers to another Trustee and, after such delegation, shall have no further responsibility with respect to the exercise of such rights and powers while such delegation remains in effect. Any delegation may be revoked by an instrument in recordable form so filed.

No Trustee shall be liable for acts or omissions in administering the trust estate or any trust created by this Agreement, except for that Trustee's own actual fraud, gross negligence or willful misconduct. If any Trustee becomes liable as Trustee to any other person who is not a beneficiary in connection with any matter not within the Trustee's control and not due to the Trustee's actual fraud, gross negligence or willful misconduct, such Trustee shall be fully indemnified and held harmless by the trust estate and any trust created hereunder giving rise to such liability, as the case may be, against and in respect of any damages that such Trustee may sustain, including without limitation attorneys' fees.

The Trustees are authorized, but not required, to accept any property transferred to the Trustees by any person during such person's lifetime or by such person's

8

last will and testament. Any property so transferred to, and accepted by, the Trustees shall become a part of such trust or trusts created by this Agreement as such person shall direct and may be commingled with the other property in the trust or trusts to which such property has been added and shall be held, administered and disposed of as a part of such trust or trusts.

## ARTICLE SIXTH

### Appointment of Trustees

The Grantor hereby appoints Mout'z F. Soudani as Trustee hereunder. The Grantor reserves the right to appoint a successor trustee

Any Trustee, at any time and from time to time, by instrument in writing signed and acknowledged, may delegate any or all of the rights, powers, duties, authority and privileges, whether or not discretionary, provided herein, to any other Trustee for such period or periods of time as may be designated in such written instrument; provided, however, that any such instrument shall be revocable at any time. Where a signature is required in order to exercise any powers conferred on the Trustees hereunder or by applicable law, the signature of any one Trustee may be relied upon by any third party as sufficient and binding.

The Trustees shall have the right to resign at any time by giving written notice to the then income beneficiaries of each trust created hereby, or if none of the income beneficiaries of a trust are *sui juris*, to the persons *sui juris* who would be entitled to a share of the principal of such trust if it were then to terminate. If upon such resignation no Trustee remains in office, such resignation shall not be effective until the Grantor, or if the Grantor is unable to do so, a majority of the beneficiaries, has appointed a successor Trustee. The expenses of the accounting of a resigning Trustee shall be a proper charge against such trust.

The term "Trustees" wherever used herein shall mean the trustee or trustees in office from time to time. Any such trustee shall have the same rights, powers, duties, authority and privileges, whether or not discretionary, as if originally appointed hereunder.

No bond, surety or other security shall be required of any Trustee acting hereunder for the faithful performance of the duties of Trustee, notwithstanding any law of any state or other jurisdiction to the contrary.

## ARTICLE SEVENTH

### Decisions of Trustees Are Conclusive

The determination of the Trustees in respect of the amount of any discretionary payment of income or principal from any trust established hereunder, and of

9

the advisability thereof, shall be final and conclusive on all persons, whether or not then in being, having or claiming any interest in such trust, and upon making any such payment, the Trustees shall be released fully from all further liability or accountability therefor.

The right of any beneficiary to any payment of income or principal shall in every case be subject to any charge or deduction which the Trustees may make against the same under the authority granted to the Trustees by any law or by this Agreement.

## ARTICLE EIGHTH

### Simultaneous Death

If any beneficiary under this Agreement shall die simultaneously with any other person upon whose death such beneficiary shall become entitled to receive either income or principal under this Agreement, or in such circumstances as to render it difficult or impracticable to determine who predeceased the other, then for purposes of this Agreement such beneficiary shall be deemed to have predeceased such other person. The provisions of this Agreement shall be construed as aforesaid, notwithstanding the provisions of any applicable law establishing a different presumption of order of death or providing for survivorship for a fixed period as a condition of inheritance of property.

## ARTICLE NINTH

### Rights of Beneficiaries Are Not Assignable

No disposition, charge or encumbrance on the income or principal of any trust established hereunder shall be valid or binding upon the Trustees. No beneficiary shall have any right, power or authority to assign, transfer, pledge, encumber, anticipate or otherwise dispose of such income or principal or any part thereof until the same shall be paid to such beneficiary by the Trustees. No income or principal shall be subject in any manner to any claim of any voluntary or involuntary creditor of any beneficiary or liable to attachment, execution or other legal or equitable process prior to its actual receipt by the beneficiary.

## ARTICLE TENTH

### Construction

The validity and construction of this Agreement and the trusts created hereunder shall be governed by the laws of the State of New York.

Any provision herein which refers to a statute, rule, regulation or other specific legal reference which is no longer in effect at the time said provision is to be applied shall be deemed to refer to the successor, replacement or amendment to such statute, rule, regulation or other reference, if any, and shall be interpreted in such a manner so as to carry out the original intent of said provision.

10

Wherever used in this Agreement and the context so requires, the masculine shall include the feminine and the singular shall include the plural, and vice versa.

The captions in this Agreement are for convenience of reference, and they shall not be considered when construing this Agreement.

If under any of the provisions of this Agreement any portion of the trust estate would be held in trust beyond a date twenty-one years after the death of the last survivor of the Grantor, his wife, and the issue of the Grantor and other beneficiaries hereunder now in being, or such later date permitted by the rule against perpetuities applicable in the State of New York; then, upon such date, the trust of such portion shall terminate and the principal, and any unpaid income thereof, shall be paid and distributed to the person or persons then living who would have been entitled to receive the income therefrom had the trust continued, in the proportions to which they would have been so entitled.

## ARTICLE ELEVENTH

### Binding Effect

This Agreement shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the undersigned Grantors and upon the Trustee acting hereunder.

## ARTICLE TWELFTH

### Short Name

This Agreement and the trusts created hereunder may be referred to, in any other instrument, by the name: "**MOUT'Z F. SOUDANI GRANTOR TRUST**," or by "**MOUT'Z F. SOUDANI, as Trustee under the MOUT'Z F. SOUDANI GRANTOR TRUST**," with or without specifying any change in Trustees.

*[Remainder of Page Intentionally Left Blank, Signature Page to Follow]*

*IN WITNESS WHEREOF*, this Agreement has been duly executed as of the date first above written.

**GRANTOR:**

_____
MOUTAZ M. SOUDANI

**TRUSTEE:**

_____
MOUT'Z F. SOUDANI

*Acknowledgment of Grantor:*
STATE OF NEW YORK) ss.:
COUNTY OF Orange )

On the 22 day of September, in the year 2017, before me, the undersigned, personally appeared MOUTAZ M. SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that his executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

TAMMY KOZIRESKI
Notary Public, State of New York
No. 01K06210638
Qualified in Ulster County
Commission Expires August 24, 2021

*Acknowledgment of Trustee:*
STATE OF NEW YORK) ss.:
COUNTY OF Orange )

On the 21 day of September, in the year 2017, before me, the undersigned, personally appeared MOUT'Z F. SOUDANI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that his executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

PATRICK D. HICKEY
Notary Public, State of New York
Registration #02HI6338304
Qualified In Dutchess County
Commission Expires March 7, 20__

12

## SCHEDULE A
### MOUT'Z F. SOUDANI GRANTOR TRUST
### EIN: 82-6584855
### TRUST ESTATE PROPERTY

MOUT'Z F. SOUDANI GRANTOR TRUST is the owner of the following:

(a) All of the assets of THE MOUT'Z F. SOUDANI AND ELIZABETH I. RUTTKAY A/K/A ELIZABETH SOUDANI IRREVOCABLE LIVING TRUST DATED FEBRUARY 11, 2002.

13