UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN SOUDANI a/k/a MOUTAZ SOUDANI,

               Plaintiff

    -against-

MOUT'Z SOUDANI, in his individual capacity and
in his capacity as the Trustee of the MOUT'Z F.
SOUDANI and ELIZABETH I. RUTTKAY A/K/A
ELIZABETH SOUDANI IRREVOCABLE
LIVING TRUST,

               Defendant.

Case No. 7:25-cv-00176

------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S REQUEST FOR INJUNCTION AND REMOVAL

Thomas C. Landrigan, Esq.
COHEN, LABARBERA & LANDRIGAN, LLP
99 Brookside Avenue
Chester, New York 10918
Tel.: (845) 291-1900
Email: tlandrigan@cll-law.com
*Attorney for Defendants*

## PRELIMINARY STATEMENT

We submit this Memorandum of Law in opposition to the motion of Plaintiff for a preliminary injunction and to remove the defendant from his twenty year tenure as trustee of family estate and wealth preservation trust plans first funded with assets created by the grantor (i.e. the Defendant) from a lifetime of hard work and effort as an esteemed restauranteur and business owner that Plaintiff (after previously allocution under oath to having committed grand larceny regarding) now claims wildly were "stolen" by the Defendant, his loving uncle.

The Plaintiff would have the Court ignore the ability of the trust documents to distribute all or part of the income and principal of the trust in the original 2002 Trust, the signed document of Plaintiff acknowledging his intention that all interests and assets would be governed by the 2017 Trust. If there be any doubt, Plaintiff acting as the grantor of the second trust in 2017 that all assets were to be included in the trust in which the creator of the wealth was the income and principal beneficiary of allowing all of these items.

In fact, the 2017 trust makes the 2002 trust the remaindermen of the assets of the 2017, meaning the uncle can properly enjoy the income and principal of the wealth he created during his lifetime and leave whatever the remainder may be to his nephew to whom he treated like a son before the betrayal of the Plaintiff in his criminal defalcation of his retirement assets he depends upon at the age of 76. Plaintiff who has a sordid history and little to show for it beyond squandering over a million in assets he defrauded the Defendant out of by providing updates as to investments he defrauded the details of regarding assets he now wants others to believe was his all along.

Plaintiff asks this Court in essence to improperly rule on the ultimate relief in the case improperly in an injunction application and does so without factual predicates to support the drastic

1

remedies it seeks nor even bothered to serve the Defendant properly who has to scramble to retain counsel to preserve what took him a lifetime of hard work and effort to create that his nephew now claims he "stole".

In short, this application (which arguably is more appropriate for a surrogate court type forum involving an inter family trusts and estate squabble) is overreaching and improper and should be denied for its obvious deficiencies. Alternatively, Defendant should be required to post a bond before preventing the Defendant from using monies available to fund his retirement.

Finally, the Defendant requests permission to supplement as appropriate under the circumstances given the very recent retention of our firm and existing orders of the Court.

## STATEMENT OF FACTS

The Plaintiff has submitted no sworn statements in support of its application offering largely attorney argument and conjecture in support of the drastic remedy of injunctive relief and removal of the trustee who has served in that role for 20 years and two trust with the knowledge and consent of the Plaintiff which is not in dispute. For example, the assertions that the notary did not actually notarize a valid signature on the 2017 Trust where the Plaintiff is the grantor of that trust which provides for lifetime use and enjoyment of trust assets are not supported by a sworn statement and no credible explanation is offered why this document existed for several years uncontroverted.

The Plaintiff plead guilty to grand larceny and was, upon information and belief, allocated in detail on the record that he did so of his own free will acknowledging openly under oath that he stole monies through deceitful acts regarding his uncle and the related trusts.

The 2002 Trust clearly allows for the trustees sole discretion in connection distribution of income and principal in whole or in part under Article Second Thereof.

The 2002 Trust also has a creditor protection related clause as to assignment related prohibition designed to protect against third party type creditor claims. However, this provision does not prevent distribution of income and principal which is permitted on the face of the trust documents.

The Plaintiff signed and acknowledged that it was his intent to distribute all income and principal from the 2002 Trust to the 2017 Trust by signing the so called assignment document.

To make matters even more clear, the Plaintiff further was the *grantor* of the 2017 Trust which Defendant asserts further obligates Plaintiff to take all steps to fund that trust to the extent that the above documentation does not accomplish any of the foregoing as it is wildly alleged. Further, there is no credible dispute that the lifelong plan of the Grantor (i.e. the defendant) who generated the assets of the trust was not to prevent himself from retiring with dignity with what he created.

The Plaintiff plead guilty to grand larceny regarding the subject trusts after being allocuted under oath and Plaintiff created none of the wealth or assets that are subject of this dispute.

The successor trustee under the applicable trust Iman Soudani (the mother of the Plaintiff) has separately sued the Defendant making allegations, in essence, that the successors trustee was a sex slave of the Defendant for decades and was abused which the Defendant asserts is a wild overreaching bizarre irrational claim that makes her entirely unsuitable to be a successor trustee. Defendant will likewise assert that Iman Soudani also stole from the Defendant significant sums

and is not suitable for a host of reasons. The Defendant will argue that he should not be removed but, regardless, Iman Soudani is not an appropriate successor Trustee.

## ARGUMENT

### I. THE MOTION SHOULD NOT BE GRANTED BECAUSE SERVICE IS NOT PROPER

An injunction is not proper where service has not been effectuated. *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir. 1981). Upon information and belief, service in this instance was not done in the required manner and the Defendant learned of same second hand from Douglas Campbell (a close family friend) and Defendant reached out to his counsel, Michael Burke, Esq., who is handling a criminal matter. Accordingly, the motion is premature, injunctive relief is improper and the Defendant should be given ample opportunity to protect his interests, particularly given he was not properly served.

### II. THE MOTION SHOULD NOT BE GRANTED BECAUSE IT SEEKS THE ULTIMATE RELIEF IN THE CASE

It is black letter law that injunctive relief is not proper when it seeks to grant the ultimate relief. Here, the Plaintiff seeks to remove the 20 year trustee by immediately seeking to invalidate via motion and preliminary hearing the 2017 Trust and related documents that are subject of the instant dispute . Moreover, they seek to so without the benefit of discovery. This is prejudicial and not appropriate in a request for interim relief.

### III. THE MOTION SHOULD NOT BE GRANTED BECAUSE IT IS NOT SUPPORTED BY SWORN STATEMENTS OR SUFFICIENT EVIDENTIARY BASIS

The hearing and motion should not be permitted because plaintiff failed to meet its burden as same are based upon attorney argument in core matters such as the validity of the notarized 2017 Trust document (which provides for notary rather than sworn statements of the witnesses as to a host of material factual predicates that are set forth by the movant in summary fashion in its moving papers. As such, the basic predicates for a hearing or the requested relief have not been met. See *Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 188, cert, denied, 439 U.S. 861 (1978).

Further, Defendant cannot dispute that he swore under oath as to factual matters related to a plea to a criminal grand larceny. Whatever the disputes may be with the Orange County District Attorney's office, it Defendant cannot avoid his admissions under oath that abrogate any claim whatsoever herein and render them minimally incredible and not likely to succeed on the merits.

### IV. THE MOTION SHOULD NOT BE GRANTED BECAUSE IT IS CONTRARY TO THE PLAIN FACE OF THE DOCUMENTARY EVIDENCE AND INTENT OF THE PARTIES

It is not appropriate for Plaintiff to ask this Court to rewrite the plain meaning of the 2017 Trust and the related documents signed by the parties which clearly allow for the assets to be used for the lifetime enjoyment of the income and principal of the 2017 Trust.

Likewise, Plaintiff cannot appropriately ask this Court to abrogate the 2002 Trust provision that allows for the distribution of the Trust. Even assuming all other arguments, it is clearly the overreaching intent of the family to have made these assets available for the use and enjoyment of Defendant (who created the wealth and was the grantor of that trust) for his benefit.

Accordingly, it is not appropriate for the Court to be asked to rewrite the Trust documents

agreed to by the parties or to frustrate the intent of the Grantors.

### V. PLAINTIFF SHOULD BE COMPELLED TO POST A BOND IF IT SEEKS INJUNCTIVE RELIEF

The assets Plaintiff now asserts he is entitled to take over for his personal benefit and clearly intends to do so given his history of theft and squandering assets with the help of his mother who has brought wild accusations in another action. The assets at issue comprise the retirement nest egg that the Defendant accumulated from a lifetime of hard work unrelated to the Plaintiff's efforts (who in fact secreted monies, filed false reports and other misconduct when given the chance). Accordingly, if any such relief is granted or continued, the Plaintiff should be required to post a bond sufficient to protect the Defendant.

### CONCLUSION

For the foregoing reasons, the relief requested in the motion should be denied in its entirety.

Dated: January 15, 2025
Chester, New York

Respectfully submitted,

COHEN, LABARBERA & LANDRIGAN, LLP

By: /s/ Thomas C. Landrigan

Thomas C. Landrigan, Esq.

99 Brookside Avenue

Chester, New York 10918

Telephone: (845) 291-1900

Facsimile: (845) 291-8601

Email: tlandrigan@cll-law.com

Attorneys for Defendants