# KATSKY | KORINS LLP

605 Third Avenue New York, NY 10158   PHONE 212.953.6000   FAX 212.953.6899   www.katskykorins.com

WRITER'S DIRECT DIAL | (212) 716-3229
WRITER'S DIRECT FAX | (212) 716-3229
WRITER'S EMAIL | abellin@katskykorins.com

January 15, 2025

**VIA ECF**
Hon. Cathy Seibel, U.S.D.J.
U.S. District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: *Soudani v. Soudani*, 7:25 cv 176 (CS)

Your Honor:

    I am writing to respond to Defendant's motion for an adjournment of the hearing in this matter currently scheduled for this Friday, January 17, 2025 at 9:00 a.m. Plaintiff opposes the Defendant's motion for a stay. Absent resolution of the proceeding, there is a substantial likelihood that the Trust assets will be further dissipated, causing movant to suffer irreparable harm. Further absent the requested relief, Plaintiff can do little to recover the assets already wrongfully taken by Defendant from the Trust, including but not limited to engaging in efforts to recover the money posted by the defendant as bail in the criminal case.

    Moreover, absent Defendant's removal as Trustee or a preliminary injunction restraining Defendant from acting as Trustee, the successor Trustee named in the 2002 Trust — who, under the terms of the 2002 Trust, would automatically become Trustee of the Trust while Defendant was not able to perform his duties as Trustee — would not be able to assume the role of Trustee and attempt to claw back monies Defendant stole from the Trust. Plaintiff is extremely concerned, based on Defendant's previous improper actions that, even if Defendant is removed as Trustee or a preliminary injunction entered, Defendant will dissipate or hide away assets he stole from the Trust and put in his own name.

    We note that the Court may grant the requested relief on the existing record, i.e., the removal of Defendant as Trustee. The Court's decision to do so would, of course, obviate both the need to resolve Defendant's application, and the need to have a hearing.

    As discussed in Plaintiff's Memorandum of Law in Support of his Order to Show Cause (the "Memorandum of Law"), pursuant to N.Y. SCPA § 719(7), this Court can remove and or suspend "a lifetime trustee without a petition or the issuance of process. . . .[w]here he mingles the funds of the estate with his own or deposits them with any person, association or corporation authorized to do business under the banking law in an account other than as fiduciary." SCPA §

**KATSKY | KORINS** LLP

Page 2

719(7). Where the evidence of a fiduciary's misconduct is undisputed, New York courts have not hesitated to remove or suspend a fiduciary without a hearing pursuant to SCPA § 719. *See* ECF Doc. No. 7-18 at 6-7.

As also discussed in Memorandum of Law, the purported 2017 assignment was void *ab initio* because it clearly violated the anti-assignment provision in the 2002 Trust and, in any event, the assets were never retitled in the name of the the purported 2017 Trust, thus rendering the purported 2017 Trust irrelevant under EPTL § 7-1.18.  ECF Doc. No. 18 at 8-10.  Significantly, Defendant has failed to file a memorandum of law by 5 p.m. today, as ordered by this Court, and therefore has not contested the above legal analysis.  Moreover, here, per the indictment, there is probable cause to believe that the Trustee stole money from the Trust to bribe a senior prosecutor in the Orange County District Attorney's Office to bring criminal charges against Plaintiff, i.e., the beneficiary of the Trust. These are more than sufficient bases to remove Defendant as the Trustee of the 2002 Trust without a hearing.

As an offer of proof, we anticipate the hearing itself would be short and straightforward. We currently intend to call three witnesses: the two notaries involved in the supposed transfer of the assets maintained by the 2002 Trust to the 2017 Trust and Martin Soudani. If necessary, we would reserve the right to call Mout'z Soudani, the Defendant, and Ronald Cohen, Esq., the attorney who drafted the purported 2017 assignment and 2017 Trust. In addition, we will enter into evidence bank records, property records, and court documents, such as the indictment and the minutes of court proceedings, as detailed below.

With respect to the live witnesses, distilled, the two notaries will each testify that Martin Soudani was not present when the documents were supposedly executed. Martin Soudani will testify that he did not sign the documents. The testimony could be easily stipulated to.  With respect to Martin Soudani, we would agree to stipulate that he pled guilty and provide the minutes of his plea allocution, as well as the briefing documents and court decision resulting in the vacatur of his conviction and dismissal of the underlying indictment.  .

We intend to also enter into evidence certain bank records and property records that, we assert, evidence that the current Trustee looted the Trust. The bank records will include the checks issued to bribe the prosecutor (which are in the indictment and, as such, subject to judicial notice) as well as checks and other bank records and property records that show the current Trustee wrongfully taking Trust assets. For example, when the current Trustee opened a bank account for the Trust in 2020, after the supposed transfer of assets, the Trustee swore that there had been no changes to the 2002 Trust. Finally, we will enter into evidence certain court records, including the indictment and the minutes of bail proceedings.

We are willing to have Your Honor render a decision on the existing record, as noted above, or after a hearing based on stipulated facts.  Defendant has not definitively responded whether or not he will agree to Your Honor ruling based on stipulated facts.  Absent Defendant's agreement to having Your Honor do so, Plaintiff's position is that the live hearing on  Friday should move

KATSKY | KORINS LLP

Page 3

forward without delay for the reasons stated above.

                                          Respectfully,

                                          KATSKY KORINS LLP

                                          By: /s/ Aytan Y. Bellin
                                                  Aytan Y. Bellin

cc: Thomas C. Landrigan (By ECF)